**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAIME ANTONIO BURUOS, a/k/a Jose
Ballesteros-Munoz,

      Defendant-Appellant.

No. 97-4029
(D.C. No. 96-CR-155-W)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

Jaime Antonio Buruos appeals his conviction and sentence of 125 months for the

crime of unlawful reentry of a deported alien. Appointed counsel filed an *Anders*[1] brief,

and Mr. Buruos was given leave to file a supplemental brief of his own objecting to the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[1] *Anders v. California*, 386 U.S. 738 (1967).

sentencing procedure employed by the district court. We have reviewed both briefs and the record and conclude the district court committed no reversible error.[2]

The facts of this matter are well known to the parties, and they need not be repeated here except to explain the basis for our holding. It is therefore sufficient merely to state the government proved defendant had reentered the United States without consent of the attorney general after having been previously deported.

At the insistence of his client, counsel contends the defendant was denied due process because the government did not carry its burden of proof. The contention is based upon 8 U.S.C. § 1326(b)(2) which provides that an alien whose deportation was subsequent to a conviction for an aggravated felony may be imprisoned up to 20 years rather than the 2 years applicable to the offense without commission of the prior felony. It is Mr. Buruos' contention the government was required to prove that felony at trial as an element of the charged offense. The point has been mooted by the Supreme Court in *Almendarez-Torres v. United States*, _____ U.S. _____, 118 S. Ct. 1219, 1226 (1998), which held § 1326(b)(2) is a sentence enhancement and not an element of the charged offense.

In a supplemental brief filed pro se, Mr. Buruos contends the district court failed to comply with 18 U.S.C. § 3553(c)(1) and *United States v. Elliott*, 915 F.2d 1455, 1458

---

[2]Both parties have expressly waived oral argument; therefore, this appeal is submitted on the briefs.

(10th Cir. 1990), because it did not state in open court its reasons for sentencing defendant for more than 24 months. The argument is not born out in the record.

The guideline range in this case was 100 to 125 months. In pronouncing sentence, the district court disclosed it was disposed to "depart upward" because of the defendant's extensive criminal history. The court stated Mr. Buruos' record indicated:

> a pattern from the time he entered the United States until he was placed in jail on this offense of just crime after crime. Many of them quite serious crimes. He's been deported three times from the United States. Deportation doesn't accomplish a thing with this individual.

We hold this statement fully complied with the statute and advised the defendant of the reason for the court's decision. The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge

- 3 -